IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| CAROLINA METAL FINISHING, LLC, | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII"), to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Tieron L. Parks ("Parks"), who was adversely affected by such practices.  Plaintiff, United States Equal Employment Opportunity Commission ("EEOC" or "the Commission"), alleges that Defendant, Carolina Metal Finishing, LLC ("Defendant"), subjected Parks to a racially hostile work environment based on his race, African American.  The Commission further alleges that Defendant terminated Parks in retaliation for complaining about the racial harassment and/or for otherwise engaging in protected activity under Title VII.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court District of South Carolina, Columbia Division. This lawsuit is being filed in the Columbia Division because a substantial part of the events or omissions giving rise to the claims alleged in this suit occurred within the Columbia Division.

## PARTIES

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a South Carolina corporation, has continuously been doing business in the State of South Carolina and the City of Bishopville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Parks filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. <u>Racially hostile work environment:</u>  Since at least October or November 2011, through at least May 21, 2012, Defendant engaged in unlawful employment practices at its

facility in Bishopville, South Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant subjected Parks to a racially hostile work environment because of his race, African American, while he was working at Defendant's facility in Bishopville.

8. The harassing conduct that Parks was subjected to was perpetrated by Defendant's Quality Control Inspector (hereafter "QC Inspector") and a maintenance employee (hereafter "Maintenance Employee"), who are both Caucasian.

9. Parks worked for Defendant as a powder coater. Around October or November 2011, Parks began to be subjected to racial harassment by Defendant's QC Inspector for production lines 1 and 2.

10. Specifically, from around October or November 2011, and continuing throughout the duration of Parks' employment with Defendant, the QC Inspector used the terms "nigger" or "nigga" on an almost daily basis either directly to Parks or in Parks' presence. The term was sometimes used alone, and other times was used as a part of a phrase, including but not limited to "field nigger" or "field nigga;" "lazy ass nigger" or "lazy ass nigga;" and "shitting ass nigger" or "shitting ass nigga."

11. Parks was also subjected to the word "nigger" or "nigga" by the Maintenance Employee. For example, in or around early March 2012, in Parks' presence the Maintenance Employee said that he (the Maintenance Employee) named his dog "Nigga." The QC Inspector, who was also present, laughed at this comment. The Maintenance Employee also made comments like "that nigga ain't shit," and other racial slurs about African Americans.

12. Parks complained about either or both the QC Inspector and the Maintenance Employee's use of racial slurs to Defendant's Plant Manager on several occasions, including in

or around January 2012, in or around April 2012, and in or around May 2012. The Plant Manager took no action to stop the harassment, and the harassment continued.

13. On information and belief, the QC Inspector was a supervisor in the line of authority over Parks.

14. The harassment was severe as it included repeated use of the term "nigger" and/or "nigga." The harassment was also pervasive as it occurred on an almost daily basis over a period of at least six months. The harassment was also pervasive because it was openly practiced. Specifically, the racial slurs were sometimes made openly within hearing range of both African American and Caucasian employees and were sometimes made to other African American employees.

15. Parks did not welcome the racial comments and was offended and humiliated by them. Because of the continued racial harassment, Parks ultimately contacted Plaintiff EEOC for assistance.

16. <u>Retaliation</u>: On or about May 21, 2012, Defendant engaged in unlawful employment practices at its facility in Bishopville, South Carolina, in violation of Section 704(a), 2000e-3(a), by willfully discharging Parks because he opposed employment practices made unlawful by Title VII and/or otherwise engaged in protected activity. Specifically, within hours of Parks most recent complaint about the racial harassment and notification to Defendant that he (Parks) had contacted EEOC, Defendant terminated Parks.

17. More specifically, on or around May 21, 2012, as Parks entered Defendant's facility along with another African American employee, the QC Inspector made a remark indicating that, "that nigga" had arrived. Parks complained to the Plant Manager about this comment soon after the Plant Manager arrived at work. Parks also questioned whether the Plant Manager was going

to deal with the harassment, and told the Plant Manager that he had contacted the EEOC about the harassment.  At the end of that work day the Plant Manager terminated Charging Party's employment.

18. Parks was subjected to a hostile work environment based on his race, African American, and was discharged because he complained about the harassment and/or because he contacted the EEOC about the harassment.

19. The effect of the practices complained of above has been to deprive Parks of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, African American.

20. The unlawful employment practices complained of above were intentional.

21. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Parks.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from maintaining a racially hostile work environment or engaging in any other employment practices that discriminates on the basis of race, African American, and from retaliating against employees who oppose practices made unlawful by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Tieron L. Parks whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof and lost and/or reduced employee benefits.

D. Order Defendant to make Tieron L. Parks whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Tieron L. Parks whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Tieron L. Parks punitive damages for its malicious and reckless conduct as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

By:     *s/ Terri Hearn Bailey*
Terri Hearn Bailey (#3113)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC  29201
Phone:  (803) 929-3080
Email:  Terri.Bailey@usdoj.gov

September 30, 2014

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

KARA HADEN
Supervisory Trial Attorney

STEPHANIE M. JONES (Ga. Bar No.403598)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte, NC 28202
Tel: (704) 954-6467

7